UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VICKI J. BERRY, | 08-6372-TC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiff Vicki J. Berry brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the Act), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) prior to January 1, 2001. The parties have consented to Magistrate Judge jurisdiction. (Dkt. #18). For the following reasons, I remand this case for immediate payment of benefits.

///

///

Page 1 - OPINION AND ORDER

## Background

Berry attended high school through her sophomore year and received her general equivalency degree in 1992. (TR 380). She worked as a circuit board assembler for six years–from 1992 to 1998 and briefly in telephone sales in 1992. (TR 110). As the parties are familiar with the underlying medical record, those details will not be set forth here.

Berry signed her application for DIB on June 19, 2002, alleging disability since January 1, 2001 due to fibromyalgia. (TR 76-77). At the time of her alleged onset date, Berry was 49 years old. (TR 76). Her application was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). (TR 48-59). Hearings were held before an ALJ on February 14 and July 20, 2005. (TR 375-441). The ALJ issued a decision denying benefits on August 26, 2005. (TR 10-18). The Appeals Council denied Berrys' request for review on March 26, 2005. (TR 5-9). Berry filed an action in this court, and on May 15, 2007, this court reversed and remanded this case for further proceedings. (TR 469-482).

A hearing on remand was held before the same ALJ on May 21, 2008. (TR 623). The ALJ issued a decision again denying Berry's claim for benefits on July 23, 2008. (TR 447-461). The Appeals Council denied her request for review on September 17, 2008, making this the final decision of the Comissioner. (TR 442-444). Berry timely filed the instant case seeking review of the Commissioner's decision.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

Page 2 - OPINION AND ORDER

Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Berry contends that the ALJ erred by failing to properly assess her testimony, failed to properly credit her treating physician's opinion, failed to properly consider lay evidence, and erroneously found that she could return to her past work. On remand, the ALJ found that Berry established that she became disabled by fibromyalgia and carpel tunnel symdrome prior to December 31, 2001, her date last insured.

## I. Berry's Testimony

"[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on lack of objective evidence

Page 3 - OPINION AND ORDER

to fully corroborate the alleged severity of pain." Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). If there is no affirmative evidence of malingering, the ALJ may not reject a claimant's testimony regarding the severity of her symptoms specific findings showing a clear and convincing reason for doing so. Id.

Here, Berry offered evidence–and the ALJ found, that Berry experienced pain prior to December 31, 2001, her date last insured. (TR 458). The ALJ noted that it is possible that Berry experienced debilitating pain during 2001. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1981). Nevertheless, the ALJ rejected Berry's testimony that she had chronic excruciating pain in 2001 for lack of contemporaneous corroborating medical records. The ALJ also based her rejection of Berry's testimony on Berry's reported activities in 2001 and implied that Berry made inconsistent statements about her symptoms prior to her date last insured. (TR 458, 460). Specifically, the ALJ noted that Berry's reports of activity in 2001–which included driving, preparing meals and grocery shopping, were more consistent with "an individual able to sustain light work than they are of a totally disabled person." (TR 460). The ALJ observed that Berry stated in her disabled report that she had become unable to work due to "polymyalgia rheumatica[1], joint stiffness and pain, headache pain, and pain with movement;" however, the ALJ observed that Berry also noted that these conditions first bothered her in 1998 when she stopped working, consistent with her doctor's advice, due to emotional stress, implying that Berry gave conflicting statements regarding why she stopped working. (TR 456).

Based upon a careful review of the record, I find that the ALJ did not give clear and

---

[1]Berry was originally diagnosed with plymyalgia rheumatica, but upon further examination and consultation with specialists, her diagnosis was changed to fibromyalgia. (TR 353).

Page 4 - OPINION AND ORDER

convincing reasons for rejecting Berry's testimony. I cannot find substantial evidence of conflicting testimony in the record. Berry has consistently explained that her symptoms first bothered her in 1998 when she stopped working due to job stress, however, she experienced increasing physical symptoms after 1998, and she in 2001, her fibromyalgia limited her ability to work. (TR 87, 386). There is no conflict here.

The ALJ also found that Berry's pain was non-continuous and eposodic based on her response to her attorney that she had a bad time over the holidays in 2001. (TR 459) I find this exchange reflective of times that Berry over-exerted herself instead of reflecting that these were the only times she experienced debilitating pain. Berry reported that in 2001 many of her daily activities were curtailed due to pain: her hands hurt when driving and after baking cookies for an hour she would have to lie down. (TR 391-92). She stated that when she "overdid it" she would have to lie in bed for a day or two afterwards. (Id.) Daily activities which are inconsistent with a claimant's alleged disability may support a negative credibility finding; however, sporadic completion of daily activities do not equal full time employment. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). A claimant "need not vegetate in a dark room" to be found disabled. Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (internal quotation marks and citation omitted).

The medical record corroborates Berry's testimony that she experienced increasing pain and limitation prior to December 31, 2001. Her reports of pain to her treating physician Dr. Ewanchya and his associates supports her reports that her symptoms became more debilitating between 1998 and 2001, and it supports her description of only being able to perform limited house hold chores. (TR 212-218, 386). For these reasons, I find that the ALJ failed to articulate substantiated clear and convincing reasons for her credibility determination and that her finding that Berry's symptoms were

Page 5 - OPINION AND ORDER

compatible with "light work" is not supported by clear and convincing evidence. Further, it is undisputed that Berry has presented objective medical evidence showing the existence of medical impairments which could reasonably be expected to produce her alleged pain and other symptoms. 42 USC § 423(d)(5)(A). Accordingly, I credit her testimony as a matter of law.

## II. Treating Physician Dr. Ewanchya's Opinion

The Court distinguishes among the opinions of three types of physicians: treating physicians, physicians who examine but do not treat the claimant (examining physicians), and those who neither examine nor treat the claimant (nonexamining physicians). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). A court must give more weight to a treating physician than an examining physician, and more weight to an examining physician than a nonexamining physician. Id. An ALJ must give clear and convincing reasons for rejecting the uncontradicted opinion of a treating physician. Id. However, if the treating physician's opinion is contradicted by another doctor, the ALJ may reject the treating physician's opinion if she provides "specific and legitimate reasons supported by substantial evidence in the record for so doing." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

Here, Berry's treating physician, Dr. Ewanchyna opined that Berry was not capable of light or sedentary work and that her disability due to fibromyalgia began prior to December 31, 2001. (TR 348-49, 353) On remand, the ALJ considered Dr. Ewanchyna's opinion, but rejected it as a capacity assessment for Berry before December 31, 2001. The ALJ stated that Dr. Ewanchyna's opinion "may be consistent with the claimant's current status, but does not provide a capacity assessment for the claimant in 2001, prior to her subsequent worsening in 2002 or later." (TR 260). In making her residual functional capacity finding, the ALJ credited the opinion of Dr. Alley, a nonexamining

Page 6 - OPINION AND ORDER

physician who reviewed the evidence of record in July 2003 and opined that from January 1, 2001 to April 1, 2002, Berry could have performed a reduced range of light exertional work activity. (TR 460).

The record shows that Dr. Ewanchyna based his opinion that Berry's disability from fibromyalgia began prior to December 2001 on his review of her chart notes; particularly on the note from February 2001, which commented on Berry's generalized wrist, knee, and hip pain and increasing pain throughout her body. (TR 353). While this cannot be an ultimate conclusion of disability, it is probative of Berry's functional capacity to perform work. Smith v. Bowen, 849 F.2d 1222, 1225-26 (9th Cir. 1988)(retrospective assessments are probative evidence which may not be rejected on the grounds that the opinions are rendered retrospectively). Moreover, other evidence in the record supports Dr. Ewanchyna's retrospective opinion. Berry continued to report chronic pain prior to 2001 and, in 2003, examining physician, Dr. Deodhar suggested that Berry experienced fibromyalgia symptoms prior to December 2001. ( TR 217, 261-64).

For these reasons, I cannot find that the ALJ's rejection of Dr. Ewanchyna's opinion that Berry was not capable of performing light or sedentary work on a sustained basis is supported by specific and legitimate reasons which are supported by substantial evidence in the record. Murray, 722 F.2d at 502. The only reason the ALJ gives for rejecting treating physician Dr. Ewanchyna's opinion is the opinion of nonexamining physician Dr. Alley, who reviewed Berry's records in July 2003 and issued his own retrospective opinion of Berry's functional capacity. The ALJ makes no mention at all of the opinions of other examining physicians which support Dr. Ewanchyna's opinion. Because the ALJ failed to offer adequate reasons for rejecting the opinion of Berry's treating physician, I credit that opinion as a matter of law. Lester, 81 F.3d at 834 (quoting Hammock v.

Page 7 - OPINION AND ORDER

Bowen, 879 F.2d 498, 502 (9th Cir. 1989).

### III. Lay Witness Testimony

If lay evidence is significant and probative, the ALJ must supply reasons for rejecting it which are supported by substantial evidence on the record. Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, Berry's husband reported that in the spring of 2001, Berry would have to stop and rest after completing household chores such as loading the dishwasher. (TR 518). He noted a decline in her condition around the time his mother passed away in September 2001, but knew Berry was having problems with pain and fatigue before that date. (TR 518). The ALJ accepted Berry's husband's report as "descriptive" of his retrospective perceptions but found that his report did not provide sufficient support to alter the residual functional capacity finding as the behavior noted was not fully consistent with the medical and other evidence of record. (TR 459). After a careful review of the record, I find that the ALJ's rejection of Berry's husband's testimony is not supported by substantial evidence. The medical records, including that of treating physician Dr. Ewanchyna, reflect that Berry made continuing reports of chronic pain. Moreover, Berry's husband's testimony was consistent with Berry's own testimony. I find Berry's husband's testimony to be a competent observation of her daily activities. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). I credit the lay testimony as true. Schneider v. Comm. of Social Sec. Admin., 223 F.3d 968, 976 (9th Cir. 2000).

### IV. Residual Functional Capacity

The Vocational Expert's (VE) description of a circuit board assembler indicates that this job could be performed seated, would not require frequent forceful gripping, but would require frequent

Page 8 - OPINION AND ORDER

use of the hands. (TR 637-38). The job could be performed seated, but the VE noted that there was an "expectation of production" in this job. (TR 639). Dr. Alley, the reviewing doctor for the agency, which the ALJ credited, concluded that Berry's handling (gross manipulation) was limited. (TR 295). The VE stated that a restriction for no more than occasional use of the hands would rule out the sedentary jobs–circuit board assembler and food and beverage order taker. (TR 642). Thus, the ALJ's findings that Berry could perform her last work as a circuit board assembler is not supported by substantial evidence.

Crediting the testimony of Berry, her husband, and her treating physician, Berry is limited to work which would allow rest breaks outside the normal break periods on a repetitive basis. (TR 419-20, 518). The VE testified that, if an employee needed to take rest breaks outside of normal break periods on a repetitive basis and were absent more than two days per month on average, it would rule out all the jobs the VE had identified. (TR 643-44).

## REMEDY

After a finding that the ALJ erred in her decision to deny Berry's application for benefits, I must determine the proper remedy. I have discretion to remand for further proceedings or for immediate payment of benefits. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000). Which remedy is appropriate turns on the utility of further proceedings. Id. at 1178. A remand for an award of benefits is appropriate "when no useful purpose would be served by further administrative proceedings." Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989)(internal citation omitted).

Here, I have credited Berry's testimony, and that of her husband and treating physician, that she experienced severe pain and had to rest for several days after over-exertion in 2001. He v. Ashcroft, 328 F.3d 593, 604 (9th Cir. 2003)(stating that the Commissioner, having lost an appeal,

Page 9 - OPINION AND ORDER

should not have another opportunity to show that the claimant is not credible any more than the claimant, had she lost, should have an opportunity for remand and further proceedings to establish her credibility). Based on these limitations, the VE eliminated all medium-duty, light-duty, and sedentary jobs. Thus, such evidence not only establishes that the ALJ failed to meet her burden at step five of establishing that Berry could perform work substantially gainful work that exists in the national economy, Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001), it also establishes that Berry is entitled to benefits. Benecke v. Barnhart, 379 F.3d 578, 593 (9th Cir. 2004)("[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits.")

## Conclusion

I find that (1) the Commissioner failed to provide legally sufficient reasons for rejecting the testimony of Berry, her treating physician, and her husband; (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find Berry disabled if the above described testimony were credited. I therefore, remand for award of benefits.

IT IS SO ORDERED

DATED this 29th day of April 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 10 - OPINION AND ORDER